## Massachusetts Mutual Life Insurance Co.
### v.
## Maggie E. Hayes, Adm'x, etc.

Trover—Action by administratrix.—A policy of insurance payable to the party insured, his executors, administrators or assigns, was, upon such party's death, delivered to the guardian of the beneficiaries. The company resisted payment on the ground of a defense to any suit commenced on such policy. The guardian commenced suit, but finally compromised for fifty cents on the dollar, and upon payment, surrendered the policy to the company and dismissed the suit. It was claimed afterward by the guardian and the mother of the beneficiaries that the settlement was void on account of the company's fraudulent representations, and the mother, as administratrix of the estate, now brings an action of trover against the company for the unlawful conversion of the policy. *Held*, that this action can not be maintained by the administratrix. At the time of the alleged conversion the property was rightfully in possession of the guardian, and the administratrix had neither the possession nor the right to the possession.

Appeal from the Circuit Court of Coles county; the Hon. C. B. Smith, Judge, presiding. Opinion filed January 16, 1885.

Mr. James A. Connolly and Messrs. Dunn & Connolly, for appellant; as to the form of action, cited 1 Chitty on Pleading, 148; Eisendrath v. Knauer, 64 Ill. 396; Owens v. Weedman, 82 Ill. 409; 2 Greenleaf on Ev., § 637; Mass. Mut. Life Ins. Co. v. Robinson, 98 Ill. 324; U. S. Life Ins. Co. v. Ludwig, 103 Ill. 305.

Messrs. Craig & Craig, for appellee; that the suit is properly prosecuted in the name of the administratrix, cited Mass. Mut. Life Ins. Co. v. Robinson, 98 Ill. 330; Wells v. Miller, 45 Ill. 386; Babcock v. Booth, 38 Am. Dec. 579.

The general issue is a waiver to all exceptions to the person of the plaintiff: Chicago Legal News Co. v. Browne, 103 Ill. 320.

Higbee, P. J. This case, after several amendments, was finally tried as an action of trover brought by appellee as administratrix of the estate of Job M. Hayes, deceased, for the use of

Ellis W. Hayes and Daniel D. Hayes, against appellant, for the unlawful conversion of a policy of insurance executed by it, whereby the life of Job M. Hayes was insured in the sum of $12,000, payable to him, his executors, administrators or assigns, within sixty days after notice of death, for the express benefit of Ellis W. Hayes and Daniel D. Hayes. The trial resulted in a verdict and judgment in favor of the plaintiff below from which the defendant appeals to this court. Numerous errors are assigned, but in the view we take of the questions presented, it is only necessary for us to decide whether the damages sued for, admitting them to have accrued to some one, can be recovered in the name of the present plaintiff to the suit. A proper understanding of the principal facts of the case is necessary to enable us to reach a correct conclusion of the question presented.

In February, 1874, Job M. Hayes, a young man twenty-two years of age, obtained from appellant a policy of insurance on his life for $12,000, payable to himself, his executors, administrators or assigns, for the express benefit of Ellis W. Hayes and Daniel D. Hayes, nephews of said Job M. Hayes. The beneficiaries named were both minors, the children of Daniel D. Hayes, a deceased brother of the said Job M. Hayes, and resided with their mother, the said Maggie E. Hayes, where the assured also made his home at the time of his death, which occurred on the 18th day of August, 1876. At the time of his death the policy was in his possession, and was soon after delivered by the mother of the beneficiaries to James F. Hughes, an attorney at law, to be collected for their benefit. Mr. Hughes at once informed the company, by letter, of the death of Job M. Hayes, and in behalf of the beneficiaries inclosed the semi-annual premium then due, which was accepted by the company. Eleven days after the death of the assured, Mr. Hughes was appointed guardian for said infants and gave bond and qualified as such. He held the policy for the benefit of his wards, and, as their guardian, opened negotiations with the company for the purpose of collecting the amount due upon the policy. The company resisted payment and claimed to have a sufficient defense to

any suit that might be brought against it on the policy, but expressed a willingness to pay something by way of compromise to avoid litigation. Mr. Hughes, not being willing to accept the amount offered, commenced a suit on the 16th day of March, 1877, on the policy, in the names of his wards, by himself as their guardian, and the summons was served on the agent of the company on the 20th day of April of the same year. Soon after the service, Mr. Pendergast, the agent of the company, who was preparing to defend the suit, and Mr. Hughes, agreed upon the terms of a compromise by which the company paid to Hughes, as guardian of the beneficiaries, the sum of $6,045, being one half the amount due on the face of the policy, in full satisfaction of the policy; and the same was then surrendered up to the company by the guardian, and the suit dismissed by him.

Some time after the settlement, just when does not appear, it was claimed by the guardian and the mother of the children that the same was void, because of certain false and fraudulent representations made by Pendergast during the negotiations for compromise, as to the ability of the company to prove certain facts material to its defense in the trial of the cause then pending; and about four years after the settlement this suit was commenced.

Appellee was not appointed administratrix until April, 1882, two years after the suit was commenced. She never had or claimed to have had the possession of the policy after it went into the hands of the guardian, but, on the contrary, Mr. Hughes, the guardian, had it from the time he was appointed until he compromised the claim and surrendered it up to the company as satisfied.

Upon these facts, had appellee, as administratrix of the assured, such a right to the policy as to entitle her to recover in this suit? If this was a suit upon the contract of insurance, there could be no doubt of her right to sue, for, although the beneficiaries are entitled to the money when collected, the company agreed to pay to "Job M. Hayes, his executors, administrators or assigns." But the suit is not brought on the contract or for the violation of any of its terms. It is an

action in tort brought for a wrongful conversion of the contract itself.

It is said in 1 Chitty's Pleadings, 107, "To support this action the plaintiff must, at the time of the conversion, have had a complete property, either general or special, in the chattel, and also the actual possession thereof, or the right to the immediate possession of it." In the second volume, page 618, the author says: "It is essential in trover that the plaintiff should have the possessory title, that is, the right to the immediate possession of the goods." In Cooley on Torts, after stating the general rule that, "to sustain trover, the plaintiff must show a legal title; he must have property general or special, or actual possession, or the right to immediate possession at the time of the conversion," he further says on page 445, " When, therefore, it is said that the plaintiff in trover must have had, at the time of the conversion the right to the property, and also a right of possession, nothing more can be intended than this, that the right of which he complains he has been deprived must have been either a right actually in possession, or a right immediately to take possession; it is not enough that it be merely a right in action or a right to take possession at some future day;" and quotes as sustaining the same, Wilson v. Wilson, 37 Md. 1; Dudley v. Abner, 52 Ala. 572.

In Owens et al. v. Weedman, 82 Ill. 417, the Supreme Court of this State, in an opinion by Mr. Justice Dickey, says: " To maintain trover, the plaintiff must show a tortious conversion of personal property by defendant, and that, at the time of the conversion, the plaintiff had a right of property in the chattel converted, and also had the possession thereof, or a right to the immediate possession."

At the time of the alleged conversion of the policy of insurance in controversy and for a long time prior thereto, it was rightfully in the actual possession of Mr. Hughes, the guardian of Ellis W. and Daniel D. Hayes, to whom it belonged; and as against them appellee neither had the possession nor the right of possession. She could neither maintain replevin nor trover against the guardian, nor can she repudiate his settlement

and maintain an action against those who received the policy from him.  If she had a naked legal title to the policy, it was in trust for the owners who had its possession, with which she had no right to meddle.  The law cast no duty upon her to protect the policy against trespassers or wrongdoers while in the possession of the guardian.  He alone was responsible for its safe keeping, and if it was wrongfully taken from his possession, the law affords him ample remedy for the injury. Watson et al. v. McLean, E. D. E. (96 E. C. L.) 75.

The only right the administratrix had, was to require indemnity for costs in case her name was used by the beneficiaries in a suit upon the contracts.  She can not sue in tort for any injury or conversion of the policy while in the rightful possession of its owners.

Other questions, which seem to us to possess great merit, going to the right of recovery even if the suit were properly brought, have been argued by counsel, but we prefer not to decide them in the absence from the record of the real parties in interest.

The judgment is reversed and the cause remanded.

Reversed and remanded.

NOTE UPON THE BACK OF THE OPINION, BY THE COURT.

This is the last opinion Judge Higbee ever wrote.  The case was assigned to him the day before Thanksgiving, (Nov. 26) 1884.  He was never in court after that day.  This opinion was found among his papers after his death, and is adopted as the opinion of the court.